# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stuart E. Fagan | Marjorie E. Motooka |

**Proceedings:** (IN CHAMBERS)  **HEARING ON, AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL (DOCKET NOS. 31, 33)**

## I.    SUMMARY

On November 13, 2013, plaintiffs Melissa Zuniga ("Zuniga"), minors R.J. and A.J. through their guardian ad litem Zuniga, Diane Rodriguez ("Rodriguez"), minors M.R. and E.R. through their guardian ad litem Rodriguez, Dalila Gonzalez ("Gonzalez"), minors K.R., N.R., and D.R., through their guardian ad litem Gonzalez, Jose Ramirez Esquesda, Gloria Orozco ("Orozco"), and minors L.O. and A.O., through their guardian ad litem Orozco (collectively "plaintiffs") filed the operative First Amended Complaint ("FAC") pursuant to the federal Fair Housing Act, 42 U.S.C. § 3601 et seq., ("Fair Housing Act" or "FHA") and related California laws against Western Apartments, Real Estate Connection, and BTS (collectively "defendants").  Plaintiffs essentially allege that defendants have discriminated against families with children based on familial status in the operation of the Western Apartments.  (FAC ¶ 1). Defendants filed an Answer on December 17, 2013.

On February 19, 2014, plaintiffs filed a Motion to Compel Discovery Responses ("Motion to Compel" or "MTC").  Plaintiffs moved to compel all defendants to provide further responses, without objection to certain interrogatories (nos. 1, 2, 8, 10, 12, 13, 15, 16, 18 and 19 ["Interrogatories in Issue"] and document requests (nos. 7-9, 12, 18-21, 24, 25, 27, 33, 36-40, 42, 44, 49, 56 and 66 ["Document Requests in Issue"]) (collectively "Discovery Requests in Issue").  On March 4, 2014, defendants filed an opposition to the Motion to Compel ("Opposition").  On March 10, 2014, plaintiffs filed a Reply to the Opposition ("Reply").

On March 20, 2014, the Court issued a tentative ruling granting in part and denying in part the Motion to Compel.  On March 25, 2014, the Court held a hearing on the Motion to Compel.  After hearing the arguments of counsel, the Court adopted a modified version of its tentative ruling and ruled as set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

**II.     DISCUSSION**

     **A.     Applicable Law**

     The Federal Rules of Civil Procedure allow for broad discovery in civil actions of "any nonprivileged matter that is relevant to any party's claim or defense – including . . . the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted). The party opposing discovery has the burden of showing that any challenged discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections. See DirectTV, Inc. V. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, any party may serve upon any other party written interrogatories within the scope of Rule 26(b). Fed. R. Civ. P. 33(a); 26(b)(1). A party must respond to interrogatories by answer or objection; objections must clearly state the reason for the objection. See Fed. R. Civ. P. 33(b). General or boilerplate objections are improper – especially when a party fails to submit any evidentiary declarations supporting such objections. A. Farber & Partners, Inc. v. Garber ("Farber"), 234 F.R.D. 186, 188 (C.D. Cal. 2006). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A motion to compel may be granted if a party provides an evasive or incomplete interrogatory response. See Fed. R. Civ. P. 37(a)(3)(B)(iii), 37(a)(4).

     Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b). In response to a request for the production of documents a party must either: (1) produce the requested document; (2) indicate that the requested document is not in its "possession, custody, or control"; or (3) object and include the reasons for the objection. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B). If the responding party does not offer a valid objection, it must produce all requested documents that are in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

     If a party fails timely to object to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests. See Fed. R. Civ. P. 33(b)(4) (any ground not stated in timely objection to interrogatory waived unless court, for good cause, excuses failure);[1] Richmark

---

[1] Courts have broad discretion to determine whether a party's failure to raise timely objections to discovery should be excused for "good cause." See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C.1999). In exercising such discretion, courts consider several relevant factors, including: (1) the

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (court declined to consider objections that were not asserted in responding party's original discovery responses based upon party's failure timely to make such objections); Safeco Insurance Co. of America v. Rawstrom, 183 F.R.D. 668, 670-72 (C.D. Cal. 1998) (absent a showing of good cause objections to interrogatories were waived where they were interposed for the first time in a supplemental response served after the expiration of the period of time allowed by Rule 33 for a response).

    **B.**    **Discovery Requests in Issue**

        **1.**    **Issues/Objections Common to Multiple Discovery Requests in Issue**

As there are multiple issues and objections common to multiple Discovery Requests in Issue, this Court initially addresses such issues and objections.

First, the Court deems waived any objections asserted by defendants in the Opposition which were not included in its initial discovery responses or otherwise timely asserted. Compare MTC at 2-3, 5 and 7 [Responses to Interrogatory Nos. 1, 2, and 8] with Opposition at 2-4 [Argument Regarding Interrogatory Nos. 1, 2 and 8]. The Court see no basis in the record to conclude that defendants had good cause for their failure timely to assert objections raised for the first time in the Opposition.

Second, defendants' objections that certain of the Discovery Requests in Issue are unduly burdensome and oppressive are overruled as such objections are conclusory and provide no information to support a finding that provision of the requested discovery would unduly burden defendants. See Farber, 234 F.R.D. at 188 (collecting cases).

Third, defendants' objections that certain of the Discovery Requests in Issue or terms therein are "vague and ambiguous" are overruled as the Court does not find such requests to be vague and ambiguous. In any event, to the extent defendants view certain Discovery Requests in Issue to be vague and ambiguous, defendants can qualify their responses by including their understanding thereof.

///

---

[1](...continued)
length of the delay in responding; (2) the reason for the delay; (3) dilatory conduct or bad faith by the responding party; (4) prejudice to the party seeking the disclosure; (5) the nature of the request (*i.e.*, whether the discovery requested was overly burdensome or otherwise improper); and (6) the harshness of imposing the waiver. Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

     Fourth, defendants' relevance and overbreadth objections are sustained in part and overruled in part as detailed below.  To the extent the Court has ordered defendants to produce discovery over a relevance/overbreadth objection below, it has determined that the Discovery Requests in Issue call for relevant information reasonably calculated to lead to the discovery of admissible evidence and overrules such objection(s).  To the extent the Court has denied or narrowed Discovery Requests in Issue as to which a relevance/overbreadth objection has been asserted, it has sustained such objection(s).

     Fifth, to the extent defendants have asserted privacy/third party privacy objections, such objections are sustained in part and overruled in part.  Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.  Farber, 234 F.R.D. at 191.  Courts balance the need for the information sought against the privacy right asserted.  Id.  Here, to the extent the Court has ordered defendants to produce discovery over a privacy/third party privacy objection, it has determined that the privacy right asserted is outweighed by plaintiffs' need for the information and that such information can be adequately protected by a protective order as set forth in Part III, ¶ 7, below, redaction (to the extent permitted by this order), and limitations on the method by which plaintiffs are permitted to contact third parties in issue as set forth in Part III, ¶ 8 below.  Farber, 234 F.R.D. at 191 (privacy concerns can be addressed by carefully drafted protective order); CEH, Inc. v. FV "Seafarer" ("Seafarer"), 153 F.R.D. 491, 499 (D.R.I.1994) ("[W]hile a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order."); Sanders v. Edge Holdings, 2012 U.S. Dist. Lexis 27090, *5-*6 (S.D. Cal. Mar. 1, 2012) (ordering, in FHA case, disclosure of names and addresses, but not telephone numbers of tenants subject to conditions limiting nature of contact).

     Sixth, to the extent defendants object that Discovery Requests in Issue seek information equally available to plaintiffs, multiple courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.  See In re Citimortgage, Inc., Home Affordable Modification Program ("HAMP") Litigation, 2012 WL 10450139, *3 (C.D. Cal. June 7, 2012) (collecting cases).  Although Fed. R.Civ. P. 26(b)(2)(C)(i) requires the court to limit a responding party's obligation to produce discovery if the information sought is available from some other source that is more convenient, less burdensome, or less expensive, defendants have not produced any evidence to show that any of these factors warrant a limitation being placed on defendants' duty to produce responsive discovery here.

     The Court otherwise addresses the parties' contentions regarding the Discovery Requests in Issue below.

///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

    **2.**    **Interrogatories in Issue**

**Interrogatory No. 1 – Other Rental Properties Owned by Defendants**

    This interrogatory calls upon defendants to identify by address and number of dwellings, each residential real property they have owned in part or in full since January 1, 2008. Contrary to plaintiffs' assertion in the Motion to Compel, this interrogatory does not appear to call for information regarding rental properties merely *managed* by defendants.

    The Motion to Compel is granted in part and denied in part as to this interrogatory. Defendants are ordered to produce the requested information regarding rental properties owned by defendants in part or in full from March 2011 to the present.

**Interrogatory No. 2 – Defendants' Net Worth**

    This interrogatory calls upon defendants to state their net worth, including an itemized list of each component thereof, for each year from 2010 to the present.

    The Motion to Compel is granted in part and denied in part as to this interrogatory.

    The Fair Housing Act prohibits, in pertinent part, "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate" for example, because of "familial status." 42 U.S.C. § 3605(a). The Act authorizes an aggrieved person to bring a civil action and to receive actual and punitive damages for violations of the Act. See 42 U.S.C. §§ 3613(c)(1), 3612(o)(3). A defendant's net worth and financial condition are relevant and admissible to establish the appropriate amount of punitive damages. See City of Newport v. Facts Concerts, Inc., 453 U.S. 247, 270 (1981) (noting that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998) (evidence of net worth crucial to issue of punitive damages); United States v. Big D Enterprises, Inc., 184 F.3d 924, 932 (8th Cir. 1999) (under federal law, evidence of defendant's financial worth traditionally admissible for purpose of evaluating amount of punitive damages), cert. denied, 529 U.S. 1018 (2000). However, "[o]nly *current* financial documents are relevant to a claim for punitive damages." Fieldturf International, Inc., v. Triexe Management Group, Inc., 2004 WL 866494, *3 (N.D. Ill. 2004) (emphasis added) (citations omitted); see also United States v. Autumn Ridge Condominium Association, Inc. ("Autumn Ridge"), (265 F.R.D. 323, 328 (N.D. Ind. 2009) (holding same in FHA case). As the operative First Amended Complaint seeks punitive damages pursuant to the Fair Housing Act, evidence regarding defendants' current financial condition and net worth is relevant.

    Defendants' essentially suggest that the Court should not order such discovery merely because plaintiffs seek punitive damages and note that they intend to seek summary adjudication regarding the issue of punitive damages. Under the federal rules, a district court has discretion to control the sequence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

of discovery "for the convenience of the parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). When a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie case on the issue of punitive damages. Seafarer, 153 F.R.D. at 497-98 (collecting cases); Baker v. CNA Insurance Co., 123 F.R.D. 322, 330 (D. Mont. 1988) (not premature for plaintiff to seek discovery of information regarding defendant's financial status relevant to punitive damages claim even though plaintiff must first prevail on issue of liability before evidence of defendant's financial condition would be relevant; plaintiff should not be precluded from adequately preparing case as to damages); Vollert v. Summa Corp., 389 F. Supp. 1348, 1351 (D. Hawaii 1975) (plaintiff's demand for discovery of financial information relevant to issue of punitive damages not premature; existence of liability is threshold issue in almost all actions seeking money damages and should not preclude plaintiff from preparing his case as to damages). This Court elects to follow the majority practice.

The Court overrules the only remaining unaddressed objection asserted by defendants to this interrogatory – that it calls for an expert opinion as the Court does not view this interrogatory to call for information that constitutes an expert opinion.

Accordingly, defendants are ordered to produce the requested information, but only for the period of January 2012 to the present, as information for such time period should be sufficient to provide a picture of defendants' current financial condition and net worth. See, e.g., Autumn Ridge, 265 F.R.D. at 329 (noting that district courts have concluded that financial records over approximately the past two-year period sufficient to establish a defendant's current net worth and so ordering) (collecting cases so holding).

**Interrogatory Nos. 8, 15 and 16 – Identity of Defendants' Tenants, Applicants, and Employees**

Interrogatory No. 8 essentially calls upon defendants to identify each employee, agent, or contractor who assisted in the management or operation of any residential rental premises owned or managed by defendants since January 1, 2008.

Interrogatory No. 15 essentially calls upon defendants to identify each person who applied for rental of an apartment and/or unit at the subject rental premises since January 1, 2008.

Interrogatory No. 16 essentially calls upon defendants to identify each family with one or more minor children who occupied a unit at the subject rental premises since January 1, 2008.

The Motion to Compel is granted in part and denied in part as to these interrogatories. To the extent within their possession, custody or control, defendants shall produce the information called for by these interrogatories, except telephone numbers, for the period of March 2011 to the present, subject to Part III, ¶ 8 below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

**Interrogatory Nos. 10, 12, and 13 – Fair Housing Training and Education**

Interrogatory No. 10 essentially calls upon defendants to describe actions they have taken between January 1, 2008 and the present (a) to inform their officers, partners, agents, and/or employees about the Fair Housing Act, California fair housing laws, or other applicable laws/regulations proscribing discrimination in housing; and/or (b) to encourage and/or secure compliance with any of the foregoing laws.

Interrogatory No. 12 essentially calls upon defendants to describe all presentations, discussions, or meetings they convened or conducted from January 1, 2008 to the present, attended by any of their officers, partners, agents, and/or employees, at which the Fair Housing Act, California fair housing laws, or other applicable laws/regulations proscribing discrimination in housing were discussed.

Interrogatory No. 13 essentially calls upon defendants to describe all seminars, courses, or educational programs attended by defendants' officers, partners, agents, and/or employees between January 1, 2008 to the present, at which the provisions of the Fair Housing Act, California fair housing laws, or other applicable laws/regulations proscribing discrimination in housing were discussed.

Defendants' responses to these interrogatories are incomplete and lack any specificity. The Motion to Compel is granted in part and denied in part as to these interrogatories. To the extent within their possession, custody or control, defendants shall provide complete responses to these interrogatories for the period of March 2011 to the present.

**Interrogatory No. 18 – Partnership Information**

This interrogatory calls upon defendants to indicate whether or not they are a partnership and if so, to provide specified details regarding the name(s) of the partnership and partners, location/contact information therefor, and the nature of the partnership.

Defendants responded to this interrogatory without objection but neglected to include certain information requested, *i.e.*, the dates it used the name "REC." Defendants apparently are agreeable to providing a supplemental response with the requested additional information. Accordingly, the Motion to Compel is granted as to this interrogatory. Defendants shall provide a complete supplemental response to this interrogatory which includes the requested dates during which defendants used the name "REC."

**Interrogatory No. 19 – Identity of Owners of Subject Rental Premises**

This interrogatory calls upon defendants to identify each person who has an ownership interest in the subject rental premises since January 1, 2008.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

Defendants responded to this interrogatory without objection but apparently neglected to include information regarding who had an ownership interest in the subject rental premises from January 1, 2008 until the date in March 2011 when defendants acquired it. Defendants apparently are agreeable to providing a supplemental response with the requested additional information. Accordingly, the Motion to Compel is granted as to this interrogatory. To the extent defendants have possession, custody and control over information identifying who had an ownership interest in the subject rental premises from January 1, 2008 until the date in March 2011 when defendants acquired it, defendants shall provide a supplemental response to this interrogatory reflecting such information.

      **3.    Document Requests in Issue**

          **a.    Tenants/Applicants/Employees**

**Document Request No. 7**

This request essentially calls upon defendants to produce complete copies of all tenant files for each tenant who resided at the subject rental premises at any time since January 1, 2008.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce the following documents relative to tenants who resided at the subject rental premises at any time since March 2011: (1) tenant applications from which everything other than the following information may be redacted: names of tenants/proposed tenants, contact information except telephone numbers, birth years of all proposed occupants, number of intended occupants, any description of marital/family status (*e.g.*, whether proposed occupants have children, number of children, age of children, etc.); (2) lease/rental agreements; (3) documents sufficient to reflect the amount of rent charged, any changes in the amount of rent charged, and the date(s) of any such changes; (4) documents sufficient to reflect the substance of any household rules of which the tenants were notified, including any changes to such rules, and the date(s) of any such notices/changes; (5) any complaints against the tenant relating to children, noise, use of common areas, or curfews; (6) documents sufficient to reflect the date(s) and substance of any warnings/notices communicated to tenants relative to any complaints or alleged violations of household rules involving children, noise, use of common areas, or curfews; (7) documents sufficient to reflect the date(s) and nature/amount of any penalties imposed upon tenants for any alleged violations of household rules involving children, noise, use of common areas, or curfews; (8) documents sufficient to reflect whether any other action (*e.g.*, eviction, lawsuit, etc.) was taken against the tenant based upon complaints/alleged violations of household rules involving children, noise, use of common areas, or curfews. Such production is subject to Part III, ¶ 8 below.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

**Document Request No. 8**

This request essentially calls upon defendants to produce complete copies of all move-out files for each tenant who vacated a dwelling unit at the subject rental premises at any time since January 1, 2008.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce documents sufficient to reflect the names and last known address of tenants who resided at the subject rental premises at any time from March 2011 to the present and who moved out. Such production is subject to Part III, ¶ 8 below.

**Document Request No. 9**

This request essentially calls upon defendants to produce all documents that constitute, describe, reflect, record, mention, comment upon, or otherwise refer to any roster of tenants who have occupied an apartment at the subject rental premises at any time since January 1, 2008.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce the following for the period of March 2011 to the present: (1) rosters of tenants who occupied the subject rental premises at any time since March 2011; and (2) documents containing any reference/description of any such roster of tenants relating to tenant age(s), marital status, family status (*e.g.*, whether tenants have children, number of children), or tenant activities relative to noise, use of common areas, or curfews. Such production is subject to Part III, ¶ 8 below.

**Document Request No. 12**

This request essentially calls upon defendants to produce all documents that constitute, describe, reflect, record, mention, comment upon, or otherwise refer to the age of any tenant or prospective tenant who rented or sought to rent a space at the subject rental premises at any time since January 1, 2008.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce the documents called for by this request relative to any tenant or prospective tenant who rented or sought to rent a space at the subject rental premises at any time since March 2011. Such production is subject to Part III, ¶ 8, below.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

**Document Request No. 19**

This request calls upon defendants to produce a copy of data stored in any computer program, disk or drive, or online service, used by defendants or their agents to record information about the management or operation of the subject rental premises at any time since January 1, 2008, including information regarding vacancies, rents collected, and the identity of tenants.

The Motion to Compel is denied as to this request as it is vastly overbroad and as the Court has already ordered defendants to produce those documents (which term, in the Court's view, encompasses electronically stored information), it would otherwise be inclined to order produced in response to this request.

**Document Request No. 20**

This request calls upon defendants to produce complete copies of all application or applicant files, including all rental applications and supporting documentation submitted by persons seeking to rent a dwelling unit at the subject rental premises at any time since January 1, 2008.

The Motion to Compel is granted in part and denied in part as to this request. Defendants represent that they do not have applications for applicants who were not approved or who did not ultimately rent. To the extent defendants do not have possession, custody or control over such applicant files, defendants shall provide a supplemental response so stating. To the extent defendants do have possession, custody or control over any requested applications which have not already been ordered produced in response to another document request, defendants shall provide a supplemental response to this document request so stating and shall produce the following documents relative to persons who sought to rent a dwelling unit at the subject rental premises at any time since March 2011: (1) rental applications from which everything other than the following information may be redacted: names of proposed tenants, contact information except telephone numbers, birth years of all proposed occupants, number of intended occupants, any description of marital/family status (*e.g.*, whether proposed occupants have children, number of children, age of children, etc.); and (2) documents sufficient to reflect what action, if any, was taken relative to the application; and (3) to the extent an applicant was refused/denied rental, documents sufficient to reflect the reason(s) therefor. Such production is subject to Part III, ¶ 8 below.

**Document Request No. 21**

This request calls upon defendants to produce all records reflecting the identity of persons inquiring about rental of a dwelling unit at the subject rental premises at any time since January 1, 2008, including traffic logs, notes, memoranda, correspondence, computer files, or diaries.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

The Motion to Compel is granted in part and denied in part as to this request. Defendants represent that they do not have any information regarding people who simply called to inquire about a vacancy. To the extent defendants do not have possession, custody or control over documents responsive to this request, defendants shall provide a supplemental response so stating. To the extent defendants do have possession, custody or control over any documents reflecting the identity of persons who have inquired about rental of a dwelling unit at the subject rental premises at any time since March 2011, defendants shall provide a supplemental response so stating and shall produce documents sufficient to reflect the identity of such persons. Such production is subject to Part III, ¶ 8 below.

**Document Request No. 25**

This request calls upon defendants to produce copies of all reports prepared by defendants or their agents regarding the operation of the subject rental premises at any time since January 1, 2008, including financial reports or statements, operation reports, maintenance reports, vacancy reports, incident reports, etc.

This request is extremely overbroad. The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce reports prepared by defendants or their agents from March 2011 to the present regarding the subject rental premises which describe, discuss, or refer to (1) the composition of the roster of tenants by marital/family status; (2) tenant activities/conduct relative to children, noise, use of common areas, or curfews; (3) complaints, notices, warnings, imposition of penalties, evictions, or other responses relative to the same; (4) plans to implement/ implementation/enforcement of rules/restrictions relative to children, noise, use of common areas, or curfews. Such production is subject to Part III, ¶ 8 below.

**Document Request No. 27**

This request calls upon defendants to produce any document in any personnel file regarding the employment of any person who was employed as a property supervisor, manager, assistant manager, leasing agent, or maintenance person in connection with the operation of the subject premises at any time since January 1, 2008, including, but not limited to, training materials, job performance, reviews, disciplinary actions, reprimands, pay raises, employment contracts, and complaints.

This request is vastly overbroad. The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce the following documents relative to any person who was employed as a property supervisor, manager, assistant manager, or leasing agent (but <u>not</u> maintenance person) in connection with the operation of the subject premises at any time since March 2011: (1) documents sufficient to reflect the names and contact information (other than telephone numbers) of such persons; (2) documents sufficient to reflect whether such persons received any training

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

regarding the Fair Housing Act, California fair housing laws, or other applicable laws/regulations proscribing discrimination in housing and if so, the nature and date(s) thereof; (2) documents sufficient to reflect as to each such person, any comments/praise/criticism/complaints relative to (a) their treatment of children, tenants with children, or prospective tenants with children; (b) their dealings with tenants relative to noise, use of common space, or curfews; (c) their implementation/enforcement of rules relative to noise, use of common space, or curfews; and (d) defendants' response thereto; (3) documents sufficient to reflect the nature and date(s) any personnel action (*e.g.*, raise/reward/discipline/demotion/ termination) taken by defendants in whole or in part based upon 2(a), 2(b), or 2(c) above. Such production is subject to Part III, ¶ 8 below.

**Document Request No. 33**

This request calls upon defendants to produce all documents showing the business organization and ownership of the subject rental premises, including, but not limited to, articles of incorporation, current bylaws, partnership certificates, partnership agreements, and any contracts or agreements.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and shall produce documents sufficient to reflect the identity of the current owner of the subject rental premises and, to the extent the owner is a limited partnership, documents sufficient to identify the general partner(s) thereof.

**Document Request No. 44**

This request calls upon defendants to produce all documents that constitute, describe, reflect, record, mention, comment upon, or otherwise refer to any complaint regarding the operation or management of the subject rental premises made by any tenant at any time since January 1, 2008, including but not limited to, notes, memoranda, correspondence, emails, diaries, appointment books, or calendars.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce all nonprivileged documents that constitute, describe, reflect, record, mention, comment upon, or otherwise refer to any complaint regarding the operation or management of the subject rental premises relative to children/tenants with children, noise, use of common areas or curfews, made by any tenant at any time since March 2011. Such production is subject to Part III, ¶ 8 below.

**Document Request No. 56**

This request calls upon defendants to produce all documents discussing or concerning the performance of any resident manager of the subject rental premises at anytime since April 1, 2008.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce the following documents relative to any resident manager of the subject rental premises at any time since March 2011: (1) documents sufficient to reflect as to each such person, any comments/praise/criticism/complaints relative to (a) their treatment of children, tenants with children, or prospective tenants with children; (b) their dealings with tenants relative to noise, use of common space, or curfews; (c) their implementation/enforcement of rules relative to noise, use of common space, or curfews; and (d) defendants' response thereto; (2) documents sufficient to reflect the nature and date(s) any personnel action (*e.g.*, raise/reward/discipline/demotion/termination) taken by defendants in whole or in part based upon 1(a), 1(b), or 1(c) above. Such production is subject to Part III, ¶ 8 below.

### b. Defendants' Net Worth

**Document Request No. 36**

This request calls upon defendants to produce documents sufficient to determine their net worth, including, but not limited to, financial statements, balance sheets, and federal/state/county/local tax returns or tax assessments from January 1, 2008 to the present.

The Motion to Compel is granted in part and denied in part as to this request. For the reasons discussed in connection with the Court's order relative to Interrogatory No. 2, defendants shall provide a supplemental response to this document request and shall produce documents sufficient to determine their net worth from January 2012 to the present. However, defendants need not produce any tax returns.

Under federal law, tax returns and related documents "do not enjoy an absolute privilege from discovery." Premium Services Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975); Heathman v. United States District Court, 503 F.2d 1032, 1035 (9th Cir. 1974) (Title 26 U.S.C. § 6103(a)(2) only restricts dissemination of tax returns by government and does not otherwise make copies of tax returns privileged). Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage tax payers to file complete and accurate returns. Premium Services Corp., 511 F.2d at 229. Courts generally apply a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. Farber, 234 F.R.D. at 191; Hilt v. SFC Inc., 170 F.R.D 182, 189 (D. Kan. 1997). First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. Farber, 234 F.R.D. at 191; Hilt, 170 F.R.D. at 189. Although, as discussed above, information regarding defendants' financial condition and net worth, including documents such as tax returns, are relevant to plaintiffs' claim for punitive damages, the Court finds there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

compelling need for defendants' tax returns at this time as defendants' can respond with the requisite financial information through other means.

**Document Request No. 37**

This request calls upon defendants to produce copies of any net worth statement prepared by defendants at any time since January 1, 2008, including, but not limited to, any loan or credit application prepared at any time since January 1, 2008.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and, to the extent within their possession, custody or control, shall produce the requested documents prepared by defendant from January 2012 to the present.

**Document Request No. 38**

This request calls upon defendants to produce copies of all 2012 year-end statements reflecting the account number and balance of any accounts owned by defendants, including savings, checking, annuities, or mutual, stock, or bond funds.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and shall produce the requested documents, except that defendants need not produce/may redact account numbers.

**Document Request No. 39**

This request calls upon defendants to produce copies of all 2012 year-end statements reflecting the account number and balance of any loans or indebtedness owed by defendants, including but not limited to mortgages, car or boat loans, or tax liens.

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and shall produce the requested documents, except that defendants need not produce/may redact account numbers.

**Document Request No. 40**

This request calls upon defendants to produce copies of any appraisals conducted at any time since January 1, 2008, of any business or personal or real property owned by defendants.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

The Motion to Compel is granted in part and denied in part as to this request. Defendants shall provide a supplemental response to this document request and shall produce the requested documents for the period of January 2012 to the present.

### c.     Insurance Coverage

**Document Request No. 42**

This request calls upon defendant to produce all communications between defendants and their insurance companies regarding acceptance or equivocation of coverage, including reservation of rights, non-waiver notice, denial of coverage, and/or unconditional acknowledgment of coverage letters.

Although defendants have apparently agreed to provide a supplemental response to this request, the Court denies the Motion to Compel as to this request because the requested information does not appear to the Court to be relevant to any claim or defense in this action and plaintiffs offer no explanation as to why the requested information is relevant.

### d.     Other Requests in Issue

Plaintiffs also seek to compel defendants to "identify" documents produced in response to Document Request Nos. 18, 24, 49 and 66 – the substance of which are not before the Court. Because plaintiffs have not provided the Court with sufficient information to enable it to rule upon this portion of the Motion to Compel, such motion is denied relative to the foregoing requests.

### III.    FURTHER ORDERS

In light of the foregoing Orders, IT IS FURTHER ORDERED:

1.      Defendants shall produce the supplemental verified responses, without objection, to the Interrogatories in Issue, except Interrogatory No. 2, as directed above within fourteen (14) days.

2.      Defendants shall produce the supplemental verified response, without objection, to Interrogatory No. 2, as directed above within twenty-one (21) days.

3.      Defendants shall produce the supplemental responses, without objection, to the Document Requests in Issue, except Document Request Nos. 36-40, as directed above within fourteen (14) days.

4.      Defendants shall produce non-privileged documents (including electronic documents) in their possession, custody or control which are responsive to the Document Requests in Issue, except Document Request Nos. 36-40, as directed above within fourteen (14) days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4637 JFW(JCx) | Date | March 25, 2014 |
|---|---|---|---|
| Title | Melissa Zuniga, et al. v. Western Apartments, et al. | | |

      5.      Defendants shall produce the supplemental responses, without objection, to Document Request Nos. 36-40, as directed above within twenty-one (21) days.

      6.      Defendants shall produce non-privileged documents (including electronic documents) in their possession, custody or control which are responsive to Document Request Nos. 36-40, as directed above within twenty-one (21) days.

      7.      Plaintiffs/plaintiffs' counsel shall not use or disclose information produced pursuant to this Order except as necessary to prosecute the instant action.

      8.      To the extent this Order directs defendants to produce information regarding third parties, plaintiffs/plaintiffs' counsel must adhere to the following conditions: Plaintiffs/plaintiffs' counsel may only contact such third parties in writing (mail/email) to inform the third parties that plaintiffs/plaintiffs' counsel wishes to talk to them about this lawsuit and provide contact information for plaintiffs' counsel/plaintiffs' counsel's investigator. The writing shall make clear that those contacted are under no obligation whatsoever to respond in any manner to the writing. In the event any such third party thereafter does respond and indicates that he/she is willing to communicate with plaintiffs' representative(s) in another fashion (*e.g.*, telephonically), plaintiffs/plaintiffs' counsel/plaintiffs' counsel's investigator may do so.

      IT IS SO ORDERED.

      Time: 25 minutes
      Initials of Deputy Clerk: hr