UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 13-04637-JFW (JCx)**                                      Date:  June 6, 2014

Title:         Melissa Zuniga, et al.  -v- Western Apartments, et al.

PRESENT:

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                    None Present
   Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
                None                                                             None

PROCEEDINGS (IN CHAMBERS):     ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO STAY DEPOSITION OF THE PERSON MOST KNOWLEDGEABLE OR DEFENDANT BTS AND FOR AN ORDER EXTENDING THE DISCOVERY CUT-OFF UNTIL JULY 1, 2014 FOR THAT DEPOSITION, IF NECESSARY [filed 6/4/14; Docket No. 58]

   On June 4, 2014, Defendant BTS ("Defendant") filed Ex Parte Application to Stay Deposition of the Person Most Knowledgeable or Defendant BTS and for an Order Extending the Discovery Cut-off until July 1, 2014 for That Deposition, If Necessary ("Application").  On June 4, 2014, Plaintiffs Melissa Zuniga, R.J., A.J., Diane Rodriguez, M.R., E.R., Dalila Gonzalez, K.R., and N.R. (collectively, "Plaintiffs") filed their Notice of Non-Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

   As Judge Rymer stated in *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989), "[e]x parte applications throw the system out of whack.  They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason."  Such applications allow the applicant to jump "ahead of the pack" and "cut in line ahead of those litigants awaiting determination of their properly noticed and timely filed motions."  *Id*. at 193.  As a result, *ex parte* applications are therefore justified only "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief" or "where it is likely that, if given notice, someone would act improperly to frustrate the party's ability ever to obtain the relief sought."  *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  Thus, in order for *ex parte* relief to be warranted, the applicant

must make the following showing:

> . . . that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect . . . It is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period . . . Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have. . .

*Mission Power*, 883 F. Supp. at 492-93 (quoting *Intermagnetics*, 101 B.R. at 193).

In this case, Defendant is seeking, on an *ex parte* basis, to stay the deposition of the Person Most Knowledgeable of Defendant, which is currently noticed for June 5, 2014, and to extend the discovery cut-off from June 9, 2014 to July 1, 2014.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, "[o]nce the district court has issued a pretrial scheduling order establishing a timetable for pretrial motions, Rule 16, not Rule 15, controls the amendment of pleadings." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995). Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (holding that "the focus of the Rule 16 'good cause' inquiry is on the moving party's diligence, or lack thereof, in seeking amendment"). As the Ninth Circuit explained:

> The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus on the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (citations and quotations omitted); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

In this case, Defendant has failed to demonstrate good cause that would justify either staying the deposition of the Person Most Knowledgeable or a modification of the discovery cut-off

set forth in the Court's Scheduling and Case Management Order filed on October 1, 2013. Accordingly, Defendant's Application is **DENIED**.

    IT IS SO ORDERED.